## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| FRANCIS P. GAFFNEY, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-cv-1392 (SRU) |
| | : | |
| BRIAN PERELMUTER, et al., | : | |
| Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff Francis P. Gaffney, Jr., currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants were negligent and deliberately indifferent to his serious medical needs. Gaffney names as defendants Dentist Brian Perelmuter and Dental Assistant Yvonne Borchert. The complaint, dated May 31, 2016, was received by the court on August 16, 2016. *See* Complaint (doc. 1-1).

Under section 1915A of Title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.    Allegations

On June 23, 2015, Gaffney reported to the dentist for a tooth extraction. When he arrived, defendant Borchert told the dentist, Dr. Perelmuter, that he only had ten minutes and asked whether the appointment should be rescheduled. Dr. Perelmuter stated that he could do the extraction.

Dr. Perelmuter gave Gaffney an injection of Novocain. The tooth broke during the extraction, leaving three pieces of the molar. Dr. Perelmuter then changed instruments to "dig out" the broken pieces of Gaffney's tooth. The instrument slipped and pushed through the gum area, stabbing Gaffney inside his cheek. Gaffney experienced severe pain shooting up the right side of his face, almost to his eye. When Gaffney relaxed, Dr. Perelmuter continued extracting the tooth pieces. Dr. Perelmuter's instrument slipped twice more, causing the same injury. Dr. Perelmuter did not provide better pain management after realizing that the slippage caused Gaffney severe pain. After the extraction, Dr. Perelmuter applied stitches and instructed Gaffney to return the following Friday to have the stitches removed.

Shortly after that appointment, Gaffney realized that his cheek had been sewn to his gum. He experienced pain when he tried to smile or move his lips to the left. In addition, the right side

2

of his face and nose from his upper lip to just below his eye felt permanently numb. Gaffney experienced pain when he tried to eat.

Gaffney submitted a request for follow-up treatment. Before he received a response to the request, Borchart sent Gaffney to the dentist's office following a medical visit. Dr. Perelmuter numbed Gaffney's face and used a razor-like instrument to sever the connection between Gaffney's gum and cheek to repair the damage. Following treatment, Perelmuter and Borchert inserted gauze in Gaffney's cheek and sent him back to his housing unit. Gaffney's face bled for four hours.

The following Friday, August 7, 2015, Dr. Perelmuter called Gaffney to the dental office to check his face. Dr. Perelmuter again numbed Gaffney's face and worked on Gaffney's face again using the razor-like instrument. Borchert was not present at this visit. She appeared shocked when she learned that Dr. Perelmuter had again treated Gaffney.

As a result of those incidents, Gaffney's cheek is permanently sewn to his gum in the area of the extraction. There are scars where the cheek is sewn to his gum. When Gaffney moves his lips to the left or opens his mouth wide, he experiences pain. Gaffney cannot move his tongue from the front to the back of his mouth without stopping and going around the damaged area. The right half of Gaffney's upper lip, the right side of his nose and the right side of his cheek from his upper lip to his eye are permanently numb. When Gaffney touches the numb area in a certain way, he experiences "a shock wave of pain." Gaffney also experiences pain when he eats.

II.   <u>Analysis</u>

Gaffney asserts state law claims for negligence, malpractice and infliction of emotional distress. He also alleges that the defendants violated his Eighth Amendment rights "with their

3

actions and non-actions which was out of the scope of normality, was negligent, and was deliberately indifferent behavior towards me." Complaint at ¶ 37.

To state a claim for deliberate indifference to a serious medical need, Gaffney must allege both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). There are objective and subjective components to the deliberate indifference standard. Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his action or inaction. *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.*

Gaffney does not assert a claim for denial of treatment. Rather, Gaffney alleges that Dr. Perelmuter was negligent during the extraction of his tooth and that the defendants' later attempts to repair the damage to Gaffney's cheek and gum were only partially successful. Gaffney does not allege facts showing that either Perelmuter or Borchert was aware that Gaffney would suffer serious harm as a result of their actions. Courts considering claims of botched tooth extractions have found that such claims do not rise to the level of deliberate indifference. *See, e.g*., *McGowan v. Hulick*, 612 F.3d 636, 641–42 (7th Cir. 2010) (affirming dismissal of claim against dentist for botched extraction as negligence or gross negligence because no evidence that dentist maliciously intended to cause prisoner pain or performed procedures in way he knew would create substantial risk of complications); *Majors v. Ridley-Turner*, 277 F. Supp. 2d 916,

4

918–19 (N.D. Ind. 2003) (dismissing claim for improper dental treatment, including extraction leaving parts of tooth in the jaw and cutting jawbone while removing pieces of tooth, as negligence, incompetence or malpractice).

IV.    Conclusion

All federal claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Gaffney may move to reopen this action and file an amended complaint if he can allege facts satisfying the subjective component of the deliberate indifference standard. If Gaffney chooses to file a motion to reopen and amended complaint, he shall use the Prisoner E-filing Program.

The Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over supplemental state law claims); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).

In light of the dismissal of this action, Gaffney's motions for appointment of counsel, temporary restraining order or preliminary injunction, disclosure, and prejudgment remedy are **DENIED** as moot, without prejudice.

**SO ORDERED**.

Dated at Bridgeport, Connecticut, this 17th day of August 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge