UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCIS P. GAFFNEY JR.,
    Plaintiff,

v.

BRIAN PERELMUTER,
    Defendant.

No. 3:16-cv-1392 (SRU)

## ORDER

### I. Background

Currently before the court is Francis P. Gaffney, Jr.'s motion seeking reimbursement for the $505.00 "appeal filing fee" that he incurred during his first appeal in this action. *See* Mot. for Re-Claim Refund of Appeal Filing Fee, Doc. No. 53, at 1. Gaffney appealed to the Second Circuit an order entering judgment for the defendants, Brian Perelmuter and Yvonne Borchert, and closing the case. *See* Notice of Appeal, Doc. No. 16. On February 6, 2017, the Second Circuit dismissed the appeal with respect to Borchert, vacated the judgment with respect to Perelmuter, and remanded the action for further proceedings. *See* Mandate of USCA, Doc. No. 18, at 1. Citing to Federal Rule of Appellate Procedure 39 and Local Rule 39.1, Gaffney now contends that, as the "prevailing party on appeal," he is entitled to "assess costs incurred during appeal." *See* Mot. for Re-Claim Refund of Appeal Filing Fee, Doc. No. 53, at 1.

### II. Discussion

Federal Rule of Civil Procedure 54(d) states, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Under Federal Rule of Appellate Procedure 39, "[a] party who wants costs taxed must – within 14 days after entry of

judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs." Fed. R. App. P. 39(d)(1). The Federal Rules of Appellate Procedure further provide that the following costs are "taxable in the district court for the benefit of the party entitled to costs under this rule:

> (1) The preparation and transmission of the record;
>
> (2) The reporter's transcript, if needed to determine the appeal;
>
> (3) Premiums paid for a bond or other security to preserve rights pending appeal; and
>
> (4) The fee for filing the notice of appeal."

Fed. R. App. P. 39(e).

Under District of Connecticut Local Rule 54, "[a]ny party who seeks costs in the District Court shall, within fourteen (14) days after . . . the issuance of a mandate by a federal appellate Court, file with the Clerk and serve on all other parties a verified bill of costs pursuant to 28 U.S.C. §§ 1821, 1920, 1923 and 1924, setting forth each item of costs that is claimed." *See* D. Conn. L. Civ. R. 54(a)(1). Items that are taxable as costs in the District of Connecticut include filing fees for appeals. *See* D. Conn. L. Civ. R. 54(c)(1).

Here, to the extent Gaffney seeks reimbursement for costs taxable in the appellate court, the request should be filed with the Second Circuit clerk in accordance with Fed. R. App. P. 39(d)(1). Accordingly, the motion is denied without prejudice to refiling in the circuit court.

To the extent Gaffney seeks reimbursement for costs taxable in this court, the motion is denied as untimely. Gaffney first requested reimbursement for the appeal filing fee on July 14, 2019, over two years after the mandate of the appellate court was issued on February 6, 2017.

*See* Letter to Clerk, Doc. No. 18, at 1. Gaffney has therefore not met the fourteen-day deadline set forth in District of Connecticut Local Rule 54.

**III.    Conclusion**

For the foregoing reasons, Gaffney's motion is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of October 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge